Unsealed on 10/16/2025 by
Mag/Judge Joe L. Webster
at 2:58 p.m.

AO 91 (Rev. 11/11) Criminal Complaint


SEALED

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| NUMAN SADIQ | ) | Case No. 1:25MJ408-1 |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 2024** in the county of **Forsyth** in the **Middle** District of **North Carolina**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Andrew LeFaivre

☑ Continued on the attached sheet.

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

/s/ Andrew LeFaivre
*Complainant's signature*

Andrew LeFaivre, Special Agent, HHS-OIG
*Printed name and title*

Date: 10/15/2025 3:51 pm

*Judge's signature*

City and state: Durham, North Carolina

Hon. Joe L. Webster, U.S. Magistrate Judge
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Andrew LeFaivre, being duly sworn do hereby affirm and state the following.

1. I am a Special Agent with the U.S. Department of Health and Human Services, Office of Inspector General ("HHS-OIG"). I have been a Special Agent with HHS-OIG since 2002. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and make arrests defined by Title 18, United States Code. While employed with HHS-OIG, I have participated in numerous health care fraud investigations.

**Purpose of Affidavit**

2. This Affidavit is submitted for the limited purpose of establishing probable cause that in or about August 2024, in the Middle District of North Carolina and elsewhere, NUMAN SADIQ ("SADIQ"), and other persons known and unknown to the United States, did knowingly combine, conspire, and agree with each other to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, health care fraud, in violation of Title 18, United States Code, Section 1347, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

3. The facts contained in this Affidavit are based on my personal knowledge and observations, as well as facts relayed to me by other law enforcement officers, witnesses, and documents. This Affidavit does not contain all the facts of this investigation known to me or to other law enforcement personnel. Rather, it sets forth only those facts sufficient to establish probable cause in support of the requested criminal complaint.

4. 18 U.S.C § 1956(h) provides that "any person who conspires to commit any offense defined in [18 U.S.C § 1956] or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

5. 18 U.S.C § 1956(a)(1)(B)(i) provides that "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of a specified unlawful activity knowing that the transaction is designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the

property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both."

6. 18 U.S.C. § 1347 prohibits health care fraud. "Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—(1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services[,]" shall be guilty of a crime.

## Probable Cause

7. Dune Medical Supply, LLC (Dune) was a North Carolina corporation located at 2310 North Centennial Street, Suite 102 High Point, NC 27265, that purportedly provided Durable Medical Equipment (DME) to Medicare beneficiaries.

8. Prospect Health Solutions, Inc. (Prospect) was a Florida corporation formerly located at 5460 North State Road 7, Fort Lauderdale, FL 33319, that purportedly provided DME to Medicare beneficiaries.

9. Chaudhry Ahmed was a resident of Guilford County and is the owner and registered agent of Dune and the owner and registered agent of Prospect. On February 3, 2025, Ahmed pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 371. See 1:25CR26-1.

10. As part of the money laundering conspiracy, Ahmed withdrew approximately $1,500,000 in cash from bank accounts belonging to Dune and

Prospect. As reflected in bank records, the money from the Dune and Prospect bank accounts were deposited directly by Medicare. Investigators have learned that this cash was at Co-conspirator 1's residence.

11. On October 9, 2025, Dune and Prospect, through Ahmed, pled guilty to violations of 18 U.S.C. § 1347, health care fraud. *See* 1:25CR347, 1:25CR348.

12. The health care fraud scheme includes that the two DME companies fraudulently billed Medicare for medically unnecessary DME. Ahmed bought these companies from Izhan Khawaja. One company that shipped the DME to Medicare beneficiaries is Onyx Med Supply. Hamza Khawaja, who is Izhan Khawaja's brother, is the owner of Onyx.

13. On September 10, 2025, Izhan Khawaja and Hamza Khawaja each pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 371. *See* 1:25CR308-1, 1:25CR309-1. In addition, Izhan Khawaja pled guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371. *See* 1:25CR308-1.

14. Numan SADIQ was a resident of Forsyth County and was a friend of Izhan and Hamza Khawaja.

15. SADIQ traveled to Florida with Izhan Khawaja various times, including in February 2024 as confirmed by airline tickets, to assist Izhan Khawaja in finding a DME business to purchase and hiring an employee for the business. Izhan Khawaja stated that he explained the health care fraud scheme to SADIQ.

16. On August 23, 2024, law enforcement officers arrested Ahmed in connection with the health care fraud scheme. Subsequent to Ahmed's arrest and according to Izhan Khawaja, Co-conspirator 1 became nervous that Co-conspirator 1 had substantial cash at his house from the health care fraud scheme. Izhan Khawaja stated that, sometime in August 2024, he assisted Co-conspirator 1 to remove the money from Co-conspirator 1's residence by providing the $1,500,000 in cash at Co-conspirator 1's residence to SADIQ.

17. Hamza Khawaja advised investigators that he attempted to obtain the $1,500,000 in cash from SADIQ to help Ahmed return the illegal proceeds to the government, but SADIQ continued to make excuses as to why he could not return the money. SADIQ also told Hamza Khawaja that he had given some of the money to Co-conspirator 2.

18. Beginning in November 2024, Hamza Khawaja began recording his conversations with SADIQ.[1] For example, on November 8, 2024, SADIQ informed Hamza Khawaja that SADIQ did not want to return the money, because if he does, the authorities will come after each person involved, including SADIQ. SADIQ also stated that "the person who is holding the money right now knows that the money is from the illegal companies' billing." SADIQ goes on to say that if any money is going to be returned, he will hold back a few hundred thousand dollars for his own safety.

19. SADIQ sent a text message to Hamza Khawaja and stated, "I took the risk and held the stolen items . . . Let [Co-conspirator 1] know to be patient . . . If he

---

[1] All recorded phone calls and messages referenced in this affidavit are in Urdu, and they have been translated/summarized by an FBI translator.

pulls me in this case, then I will provide all the information with proof how you, [Co-conspirator 1], and [Co-conspirator 3] were involved, how the companies were formed and worked and who gave the item to whom and everyone will be arrested."

20. On December 17, 2024, SADIQ was scheduled to fly from Charlotte-Douglas International Airport (CLT), Charlotte, North Carolina to Toronto Pearson International Airport, Toronto, Canada. After SADIQ arrived at his gate at CLT, a uniformed Customs and Border Patrol (CBP) officer arrived. Investigators reviewed camera footage from CLT, and upon the CBP officer's arrival, SADIQ looks toward the officer and his demeanor changes. The video shows that SADIQ begins using his phone as if he was texting. SADIQ then exited the gate area while talking on his phone. Izhan Khawaja reported that SADIQ was nervous about the police presence, and SADIQ called Izhan Khawaja to ask what to do. SADIQ advised Izhan Khawaja that he was planning to flee. Izhan Khawaja told SADIQ not to flee because everything would be better if the money was returned. SADIQ did not board the plane, and video footage confirms that SADIQ left CLT through one of the baggage claim doors.

21. Hamza Khawaja was arrested on December 31, 2024 in connection with this investigation. SADIQ stopped communicating with Hamza Khawaja after his arrest. Izhan Khawaja continued communicating with SADIQ to ask for the money to be returned.

22. Izhan Khawaja last spoke with SADIQ in August 2025. SADIQ advised Izhan Khawaja that he needed more time, but the cash would be returned in October 2025.

23. CBP records confirmed that SADIQ is scheduled to depart the United States on or about October 16, 2025, via American Airlines AA1778 from CLT to Cancun International Airport, Cancun, Mexico. CBP records indicate that SADIQ has a return flight to the United States scheduled for October 20, 2025. These flights were just booked on October 6, 2025.

### Conclusion

24. Based on the foregoing, I respectfully submit that there is probable cause to believe that SADIQ has conspired to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

Respectfully submitted,

/s/ Andrew LeFaivre
Andrew LeFaivre, Special Agent
U.S. Department of Health and Human Services, Office of Inspector General

In accordance with Rule 4.1(b)(2)(A), the Affiant testified under oath to the contents of this affidavit, which was submitted to me by reliable electronic means on this 15th day of October 2025, at 3:51 p.m.

Hon. Joe L. Webster
United States Magistrate Judge